VERA BROOKS BOBBITT, RESPONDENT, v. MAURICE SALAMANDER, APPELLANT.—221 S. W. 2d 971.

Kansas City Court of Appeals. Opinion delivered May 9, 1949.

*Richard H. Beeson, David P. Dabbs* and *Dean F. Arnold* for appellant.

904

*Marion D. Waltner* and, *Alexander, Ausmus & Harris* and *Warren D. Welliver* for respondent.

DEW, J.—Respondent (the plaintiff) sued to recover damages for personal injuries sustained while sitting in her husband's automobile parked on a city street, and which was collided with by defendant's automobile which ran unattended down a nearby steep hill on the same street. The verdict and judgment were in plaintiff's favor for the sum of $2000. Defendant appealed.

The petition was based on the theory of res ipsa loquitur. In substance, the allegations are that at about 8:20 p.m. on September 25, 1946, plaintiff was sitting beside her infant child in her husband's Plymouth automobile, which he had parked facing southwesterly, and with brakes set, in front of a drug store at 47th Street and Broadway in Kansas City; that said car was then and there struck with great violence by an Oldsmobile owned by defendant and moving without a driver therein to exercise control over its operation, speed and movements; that defendant's car was owned and in the exclusive possession, control and supervision of the defendant, whose duty it was to use a very high degree of care "to keep, repair, operate, maintain and control his said automobile so that the same should not cause or produce injury to persons or property", but that as a direct and proximate result "of the negligence of the defendant to exercise a very high degree of care", defendant's car traveled and moved dangerously upon and across a busy public street, while so unoccupied, and without a driver, and free of any control over its operation, speed and movements, and then with great violence struck and collided with the car in which the plaintiff was seated, whereby plaintiff was injured in the particulars alleged. Plaintiff alleges that she had no knowledge or information of the mechanism, control or operation of the defendant's car, and had no control over it whatsoever, and the specific negligence of the defendant so causing his car to move and to collide with her husband's car was unknown to the plaintiff, nor does she have any means of such knowledge, but that such knowledge is or should be peculiarly and exclusively within the possession of the defendant.

The answer admitted the allegations of the petition as to the plaintiff's location, and that of the car in which she was sitting at the time in question, and generally denied all other allegations.

No question is raised on this appeal concerning the extent or nature of the injuries sustained by the plaintiff, nor the amount of the verdict.

The evidence produced by the plaintiff pertaining to the circumstances of the accident was, in effect, that on September 25, 1946, about 8:00 p.m., the plaintiff was riding in her husband's Plymouth automobile, and seated with her in the front seat was her husband, who was driving, and between them in a special seat designed for infants, was her eight months' old baby, and in the rear seat was plaintiff's mother-in-law. They parked their car diagonally on Broadway in front of Watkins Drug Store at the southwest corner of 47th and Broadway, in Kansas City, where such parking was permitted and provided for by markings on the pavement. The car was headed southwesterly, with emergency brake set, and was the second car from the corner. Broadway runs north and south, and is 40 feet wide. 47th Street runs east and west, and is 100 feet between property lines, and 72 feet wide from curb to curb. Beginning at the North side of 47th Street, where it intersects Broadway, there is a steep upgrade of 12.82 percent north to 46th Street Terrace. The distance from the drug store to a point up the grade on Broadway three-fourths of the way from 47th to 46th Street Terrace is about 325 feet.

When plaintiff's husband had so parked his car, he alighted and went into the drug store to make some purchases. While awaiting the return of her husband from the drug store plaintiff was conversing with her mother-in-law, who was sitting in the rear seat, and suddenly there was a "terrific jolt", and at the same time plaintiff was thrown against the "dashboard" and against the car seat, the baby was thrown from the baby seat into the driver's seat, and plaintiff's mother-in-law was thrown forward against the back of the front seat. The front part of the car in which plaintiff was sitting was thrown up over the curb and rested on the sidewalk, about three feet beyond the curb. The plaintiff then saw another car against the one in which she was seated and saw the defendant "running around" and "highly excited", and heard him say the car behind was his car. Defendant told plaintiff's husband that defendant had parked his car halfway or two-thirds of the way up the hill in the next block on Broadway. His car had hit the Plymouth on the left rear corner. Plaintiff's husband looked into the Oldsmobile and found no one in it, and the hand lever brake was halfway on.

Defendant's deposition was introduced in part, wherein he testified that on the date of the accident he was conducting a beauty salon at 322 West 47th Street; that on that morning he left home

about 8:30 o'clock and drove his 1940 Oldsmobile to his work, and parked it on the right or west side of Broadway about three-fourths distance from 47th Street up to 46th Street Terrace, facing the car south and down hill; that he had no occasion to use or operate the car all that day; that he was closing the door of his place of business at 7:55 that evening when he heard a crash and walked over to the Watkins drug store, where he saw a commotion, looked up the hill and did not see his car, and then saw that it was his car that was involved in the collision, and that it had struck the Plymouth car in the rear.

For the defense the defendant was the only witness at the trial as to the circumstances of the accident. He testified regarding the details of the parking of his car, in substance as he had in his deposition, but stated that when parking it, he had turned his right front wheel into the curb, reversed the gearshift and put the brake on. He said he had parked his car at the same place daily for about five years, but remembered the details of the parking on the morning in question. The emergency brake, he said, was pulled as tight as he could pull it. He took his ignition key with him. He said that there were some customers waiting at his place of business, but that he was not in a hurry. He did not know whether his brake was off immediately after the accident or not, but stated that it must have been off "otherwise the car could never have traveled the distance". He admitted having testified in his deposition that after the accident an officer walked to the car and pulled on the brakes, and said that they were all right, but the witness said the brake was not on, but had been released. He admitted that the car throughout the day was solely and exclusively in his control and management.

Appellant's first point is that the court erred in not sustaining his motion for a directed verdict on the ground that there is no evidence of any negligence on defendant's part directly contributing to cause the collision; that the mere collision, eleven hours after appellant had parked his car, did not make a submissible case.

In considering the motion for a directed verdict, we must consider only the plaintiff's evidence and its most favorable inferences, together with such of defendant's evidence as may aid the plaintiff's case. The remainder of defendant's evidence may have been disbelieved by the jury, in whole or in part, and we must disregard it on the point at hand. There was substantial evidence that plaintiff, sitting in an automobile properly parked at the curb of a city street, was injured when the automobile of the defendant, having eleven hours previously been parked parallel to the curb on a steep grade a half block away, ran, driverless and unattended down the hill across a busy intersecting street and violently collided with the car in which the plaintiff was sitting, and that the brake on defendant's car was in an "off" position. The plaintiff alleges, and the proof clearly

indicates that plaintiff was without knowledge or means of knowledge of the specific negligence on the part of the defendant, if any, which caused the accident, and that she had no control or supervision over the defendant's car. It is admitted that defendant had control and supervision over his car throughout the period it was parked.

The rule of res ipsa loquitur applies when "(a) the occurrence resulting in injury was such as does not ordinarily happen if those in charge use due care; (b) the instrumentalities involved were under the management and control of the defendant; (c) and the defendant possesses superior knowledge or means of information as to the cause of the occurrence". McCloskey v. Koplar, 329 Mo. 527, 46 S. W. 2d 577, 559.

It was stated in Palmer v. Brooks, 350 Mo. 1055, 1060, 169 S. W. 2d 906:

"The principle difference between a res ipsa loquitur case and a specific negligence case would seem to be that the very basis of liability, the existence of some negligence, may be shown by a particular kind of circumstantial evidence, namely, an unusual occurrence of a character which ordinarily results only from negligence (both in pleading and proof), and from which, therefore, negligence is a reasonable inference; while in a specific negligence case the careless acts or omissions which constitute negligence must be stated and proven. In other words, in a res ipsa case the ultimate fact, some kind of negligence, is inferred without any evidential facts except the unusual occurrence itself; while in a specific negligence case there must be evidential facts sufficient to show some negligent acts or omissions which were the proximate cause of the occurrence". See, also, Harke v. Haase, 335 Mo. 1104, 75 S. W. (2d) 1001, 1004.

It cannot seriously be disputed that it is unusual for an automobile to be permitted to travel several hundred feet along a city street driverless and unattended, crossing a busy intersection and colliding with other cars parked at the end of its sojourn, if the person having the right of supervision and control has exercised due care. Proof of such an occurrence carries a presumption of negligence of such person. The fact, as here present, that defendant's car was parked on a grade of 12.82 percent would not destroy the presumption. When an automobile is parked parallel to the curb of a street where the grade is steep, certainly no proof is required of the effect of gravity upon it when released of effective restraints. When an automobile is so parked and it later proceeds driverless and unattended down the hill to the injury of persons and property, the presumption is that he who parked the car applied insufficient or ineffectual methods to hold it in place. He may not have supplied the car with adequate brakes, or he may not have securely set the brakes, or have failed to set the car in gear, or have failed to turn the right

front wheel sufficiently into the curb, or overlooked the use of any one or more of such cautionary and usual methods as required. Failure to park the car securely when on a hill, may by reason of the vibration caused by passing traffic, cause it to be released and become a great menace to the public, as suggested in Vaughn v. Meier, 246 S. W. 279. The operator is in a peculiar position to know what, if any, of the effective methods he used to park his car on an occasion or what he omitted. The plaintiff in the case at bar had no such knowledge or means of such information. Proof of the occurrence as described in plaintiff's evidence made a prima facie case of defendant's negligence.

When an automobile is parked on such a steep grade, the purpose is to keep it in place until properly removed therefrom, whether it be for one minute, one hour, or for the day, or longer. Bacon v. Snashall, 238 Mich. 457, 213 N. W. 705. Evidence in this case that defendant's car had been parked for eleven hours, if believed by the jury, did not destroy the presumption of negligence on defendant's part. It may tend to rebut the presumption but is a matter for the consideration of the jury. Price v. McDonald (Cal.) 45 P. 2d 425. We believe that the evidence most favorable to the plaintiff authorized the application of the res ipsa loquitur doctrine, and that the court properly overruled defendant's motion for a directed verdict.

Appellant's second contention is that the plaintiff's Instruction 1 is erroneous in that it (a) "commingles a submission of specific negligence in failure to exercise highest degree of care in keeping, repairing, operating, maintaining and controlling his automobile with a submission of general negligence under res ipsa loquitur doctrine", (b) that the specific negligence submitted was not supported by the evidence, and (c) the evidence and pleadings did not support a submission of the case under the res ipsa loquitur doctrine. The said instruction read as follows:

"The Court instructs the jury that if you find and believe from the evidence that, on the 25th day of September, 1946, the defendant was the owner of the Oldsmobile automobile mentioned in the evidence, then you are instructed that it was his duty to exercise the highest degree of care to keep, repair, operate, maintain, and control his said automobile so that the same should not cause or produce injury to persons or property, and if you further find that on said day the defendant parked said automobile on a hill or steep grade approximately parallel to or alongside the west curb of Broadway Street, facing south toward and about 225 feet from the southwest corner of the intersection of Broadway and Forty-seventh Streets, in Kansas City, Jackson County, Missouri, and that at all the times mentioned in the evidence the defendant was the owner of and had the exclusive control and management of said Oldsmobile automobile, if you so find, and that plaintiff

was sitting in the front seat of her husband's Plymouth automobile, parked to the curb facing southwest on Broadway Street near the aforesaid corner and south of Forty-seventh Street, if you so find, and further find that at said time and place the Plymouth automobile was struck, while plaintiff was sitting therein, with great force and violence, by defendant's said Oldsmobile, and that said Oldsmobile automobile was unoccupied, without a driver and released free of any control over its operation and movements, and that plaintiff was thereby injured, then you are instructed that such facts (if you believe them to be true) are sufficient circumstantial evidence to warrant a finding by you that the defendant was negligent, and you may so find, unless you find and believe from other facts and circumstances in evidence that the occurrence was not due to defendant's negligence, and if you do find and believe from all the evidence in the case that the defendant was negligent and that the plaintiff's injuries, if any, were directly caused by the defendant's negligence, then your verdict should be for the plaintiff''.

Appellant argues that the words in the above instruction "to keep, repair, operate, maintain and control", etc. submitted specific negligence. We do not so construe those words when considered with their context. It will be noted that the court told the jury that it was the duty of the defendant as owner of the Oldsmobile to exercise the highest degree of care "to keep, repair, operate, maintain and control his said automobile so that the same should not cause or produce injury to persons or property", etc. The court did not hypothesize any specific duty of the owner as to what part or parts of the car must be kept in repair for public safety, or in what particular manner the car should be kept, or in what respect it must be maintained to insure safety to others, or in what specific manner it must be operated or controlled. The words, in our opinion, were general and plainly intended to instruct generally on the nature and extent of the degree of care required of the owner of an automobile in his supervision over it. While the instruction followed the petition in that respect, the petition as a whole and the evidence clearly denoted plaintiff's total lack of knowledge of the specific negligence of the defendant, and the words of the instruction complained of are in accord with the pleading and proof of general negligence and do not submit specific negligence.

The appellant's charge that the specific negligence submitted was not supported by the evidence is disposed of by our conclusion above that the instruction did not submit specific negligence.

The further objection that the evidence and pleadings did not support submission of the case under the res ipsa loquitur doctrine is determined adversely to the appellant under our ruling hereinbefore on the motion for a directed verdict.

For his next point, appellant claims error in the giving of plaintiff's Instruction 3. This instruction told the jury that the meaning of the requirement in Instruction 1 that the defendant had exclusive control and management of the Oldsmobile did not mean nor was limited to actual physical control and management, but referred to the right of control and management at the times mentioned in the evidence. Appellant insists that such a charge would make the defendant liable although his automobile was started by some other person unlawfully tampering with it, regardless of the owner's right of control. Defendant admitted that he had his car under his management and control up to the time he parked it, and that he himself parked it at the place from which it ran amuck. There was no evidence of anyone tampering with his car during the time it was parked. "However, where it is established that the thing which caused the accident was within the control of defendant, the *possibility* that some third person, who was an intermeddler and in no way connected with defendant, tampered with it so as to make it defective or dangerous does not defeat the application of the (res ipsa loquitur) doctrine". 45 C. J. p. 1214. We said in Hart v. Emery, Bird, Thayer D. G. Co., 233 Mo. App. 312, 118 S. W. 2d 509, 511: "Consequently, the *mere possibility* that some third person might have been responsible for the negligent condition of the instrumentality causing the injury does not prevent the rule from applying. * * * 'The basis of this presumption is the doctrine of *probabilities*' ". Under the evidence the instruction in the case at bar was proper by the authority of McCloskey v. Koplar, supra, wherein it is said (46 S. W. 2d 560): "And the requirement that the instrumentality be under the management and control of the defendant does not mean, or is not limited to, actual physical control, but refers rather to the right of control at the time, the negligence was committed".

Appellant's fourth and last point is that the court erroneously permitted plaintiff's attorney to argue to the jury that the burden was on defendant to show why his automobile ran driverless down the hill. In the course of the argument of plaintiff's counsel he said:

"The first instruction calls your attention to the fact that if you find and believe from the evidence that on this day the man owned the automobile, that he had the exclusive control and management of it, that doesn't mean that he had physical control of it on that day, but that he was owner of it and the manager of it, and that it was parked alongside of the curb, as the testimony shows it was, and on that day it did collide and run into the automobile wherein Mrs. Bobbitt was sitting; that there was no driver in it, and no one seems to explain what happened or what caused it to do it, then the Court tells this jury, 'and the plaintiff was thereby injured, then you are instructed that such facts, if you believe them to be true, are sufficient circumstantial evidence to warrant

a finding by you that the defendant was negligent, if you so find' ''.

No objection was made at that point. Further in the argument the counsel said:

"Now, so many things could have happened that could have caused this automobile to have done that, but this is what we refer to as a res ipsa loquitur case, and the theory of that is we know it occurred but the plaintiff is not in a position to tell you the exact specific negligence on the part of the defendant that caused it to occur. Therefore, when the defendant fails to explain, and to give a satisfactory explanation of what caused the automobile, which by law he is compelled to use and exercise the highest degree of care in operating it, controlling it, and seeing that it is not going to cause someone else danger and damage, it is his duty to do that, and when he can't explain to this jury why it happened and how it happened, then he is responsible and is liable for the negligence incurred as a result of what his automobile did there that evening.

MR. DABBS: That will be objected to as not a correct statement of the law. That statement as given there is going back to the old rule.

THE COURT: I will tell the jury to follow the instructions.

MR. DABBS: I will ask the Court to tell the jury to disregard that explanation because it is not according to the law.

THE COURT: The last part, yes, the last part will be disregarded''.

Further, counsel said:

"Now, in this case, Mr. Salamander, even though the law requires him to give some explanation —

MR. DABBS: Now again, your Honor —

MR. MOULDER: Your Honor, that is the law.

MR. DABBS: I ask the Court to instruct the jury that is not the law. That is contradictory to the Court's instructions.

MR. MOULDER: If your Honor please, that is the very basis of our lawsuit.

THE COURT: Overruled. (Exception).

MR. MOULDER: And if he doesn't give a satisfactory explanation, make some explanation of why it happened and how it happened, because he was the only one in charge and control of this automobile, and he is the only one who knows how it was handled, how it was parked, whether the brakes were put on, and all those things, it was some cause unknown, that is that the plaintiff says she was struck and injured, then he is liable.

Now, calling your attention to the photograph, you can see —

MR. DABBS: I don't need to renew the objection, it will be —

THE COURT: Carried through".

At the request of the defendant the court had given the following Instruction 5:

"You are instructed that the defendant is not required to prove that he was not negligent. Plaintiff must prove her charge of negligence by the greater weight of all credible evidence. If plaintiff has failed to prove her charge of negligence by the greater weight of all of the credible evidence, then your verdict must be in favor of defendant".

We presume from appellant's terse statement of the above complaint and from his citation of authorities, that he contends such argument wrongfully led the jury to believe that the burden was on the defendant to disapprove the plaintiff's case by the greater weight of all the credible evidence, rather than a burden merely to produce evidence to offset the plaintiff's prima facie case. The appellant argues that such statements of the counsel were not only contrary to the court's Instructions 1 and 5, but contrary to the new rule announced in McCloskey v. Koplar, supra. That court said (p. 541) that in a res ipsa loquitur case, the plaintiff has the "burden of evidence" to make a prima facie case, and that the "burden of proof" to establish his case by the greater weight of the evidence abides with the plaintiff throughout the trial; that after plaintiff has made a prima facie case, only the "burden of the evidence" is shifted to the defendant, meaning the burden of bringing forward evidence to rebut the inferences of plaintiff's evidence. In speaking of the shift of the "burden of evidence" after a prima facie case has been established, the court said:

"Having done this, a plaintiff has discharged his burden of evidence, and the burden shifts to the defendant to produce (if he desires) competent controverting evidence which, if believed, will offset the plaintiff's prima-facie case. If this is done the defendant has met the burden of evidence cast upon him, and made a prima-facie defense, whereupon the burden swings back to the plaintiff to bring forward evidence in rebuttal, and so on. But during all this time the burden of proof, the risk of nonpersuasion, remains with the plaintiff, except as to affirmative defenses, etc. The burden of evidence is simply the burden of making or meeting a prima-facie case".

What counsel said to the jury, in effect, was that if the jury found and believed from the evidence that the accident occurred and the injuries were sustained as described in plaintiff's evidence, then the law requires the defendant to make some explanation as to how and why it happened, and if neither he nor anyone else can or does explain it, then the defendant is responsible and liable for the damage done. The argument is based on the condition that a prima facie case has been made by the plaintiff, and is not a statement of law contrary to Instruction 1, nor did it conflict with Instruction 5 on the burden of

proof. In fact the argument made no reference to the burden of proof of either plaintiff's case or defendant's defense. In Tabler v. Perry, 337 Mo. 154, 85 S. W. 2d 471, the court (p. 165) quoted with approval the following statement of the law:

"But under the doctrine of *res ipsa loquitur*, the fact of the occurrence of an injury and the circumstances surrounding it may permit an inference or presumption of negligence of defendant, make out a prima facie case for plaintiff, *and call for an explanation of the accident by defendant,* where the accident is such as does not happen in the ordinary course of events where reasonable care is used. The doctrine of *res ipsa loquitur* applies where an automobile runs wild, overturns, or runs off the roadway and strikes a person on the sidewalk, or collides with a tree, with a pole, or with a building. It also applies where an automobile collides with a vehicle standing or parked at the curb * * *" (Italics supplied)..

We believe the ruling of the court on the objection to the argument was not erroneous. Finding no substantial error against the appellant in the trial of the cause, materially affecting the merits, the judgment should be affirmed. It is so ordered. ' *Cave, J.*, concurs. *Bland, J.*, absent.