Anderson WILLIAMS, Plaintiff-Appellant,

v.

TERMINAL RAILROAD ASSOCIATION, a Corporation, Defendant-Respondent.

No. 46164.

Supreme Court of Missouri, Division No. 1.

Nov. 12, 1957.

George R. Gerhard, St. Louis, for appellant.

Albert E. Schoenbeck, St. Louis (George P. Mueller, St. Louis, of counsel), for defendant-respondent.

HOLMAN, Commissioner.

Action to recover damages in the sum of $27,500 for injuries allegedly suffered by plaintiff, Anderson Williams, when a railroad boxcar in which he was working was alleged to have been violently struck by another boxcar which was under the management and control of defendant. Upon the refusal of plaintiff to comply with an order to make the petition more definite and certain, the trial court entered a judgment dismissing the petition. Plaintiff has duly appealed from that order and judgment.

Plaintiff alleged that he "was at the time of the occurrence herein alleged an employee of Grocers Terminal Warehouse Company in the act of discharging his duties unloading one of the herein mentioned railroad boxcars; that * * * defendant at the time of the occurrence herein alleged had the exclusive right to the custody, maintenance and management of the herein mentioned railroad boxcars; that said defendant owned and maintained the railroad tracks running in a generally eastwardly and westwardly direction between First Street and Second Street northwardly of and adjacent to Grocers Terminal Warehouse Company's warehouse * * *. Plaintiff further states that on or about the 13th day of August, 1956, while he was in a

railroad boxcar, stopped and parked on defendant's railroad track adjacent to Grocers Terminal Warehouse Company, and while he was in the act of discharging his duties for said Grocers Terminal Warehouse Company, in unloading freight from said boxcar, as a direct and proximate result of the negligence, carelessness and omissions of the defendant, another railroad boxcar, over which the defendant then and there exercised exclusive custody, management and control, was caused and permitted by said defendant to violently strike and collide with the railroad boxcar in which plaintiff was working, throwing plaintiff about the interior thereof, as a direct result of which plaintiff sustained serious, permanent and painful injuries."

Thereafter, defendant filed a motion for a more definite statement in which it alleged that "Plaintiff should be compelled to state with certainty, definiteness and particularity the exact acts, conduct, or omissions which he claims constituted negligence on the part of the defendant," and that "The rule or doctrine [of] res ipsa loquitur is not applicable to the facts shown on the face of the petition." As previously stated, the motion was sustained. It is evident from the contents of that motion, and from statements contained in the brief of each party, that the trial court based its ruling herein upon the conclusion that the facts stated in the petition excluded the application of the res ipsa loquitur doctrine. The sole question for our determination upon this appeal is the correctness of that conclusion.

The basic rules indicating the scope and limitations of the doctrine appear in the frequently cited case of McCloskey v. Koplar, 329 Mo. 527, 46 S.W.2d 557, 559, 92 A.L.R. 641, as follows: "In general and on principle the doctrine of res ipsa loquitur does not apply except when (a) the occurrence resulting in injury was such as does not ordinarily happen if those in charge use due care; (b) the instrumentalities involved were under the management and control of the defendant; (c) and the defendant possesses superior knowledge or means of information as to the cause of the occurrence."

Plaintiff contends that the facts pleaded in his petition fulfill all of the requirements for the application of the res ipsa loquitur doctrine and, indeed, make this a classic case for the application of that rule. In his brief he indicates that the trial court sustained the motion upon the authority of certain cases (Westenhaver v. St. Louis-San Francisco Ry. Co., 340 Mo. 511, 102 S.W.2d 661; Walsh v. Terminal R. Ass'n, 353 Mo. 458, 182 S.W.2d 607; Carner v. St. Louis-San Francisco Ry. Co., 338 Mo. 257, 89 S.W.2d 947) in which the plaintiff was injured while either loading or unloading a railroad car, when the car was struck by another car in the course of a switching operation, and in which cases specific negligence was actually alleged. Plaintiff then states, "In the case here before this court we are in no way involved with a switching operation; this is a situation simply where the defendant placed two boxcars on the defendant's tracks, the plaintiff subsequently was unloading one of them, and one of the boxcars which defendant placed and parked for reasons unknown and for reasons unobtainable by plaintiff, violently collided with the car in which he was working, injuring him."

As authority for the foregoing contention, plaintiff relies principally upon the case of Bobbitt v. Salamander, 240 Mo.App. 902, 221 S.W.2d 971. Therein, the res ipsa loquitur doctrine was held applicable in a situation where defendant had parked his automobile on a hill, parallel to the curb of the street, and several hours later it proceeded down the hill unattended and struck the parked car in which plaintiff was sitting.

The Salamander case would appear to present a proper basis for the application of the res ipsa loquitur doctrine and it is clearly applicable to the foregoing factual situation disclosed in plaintiff's brief. Of course, plaintiff should have acted in good

faith in alleging all of the relevant facts within his knowledge. Venditti v. St. Louis Public Service Co., 360 Mo. 42, 226 S.W.2d 599. An examination of the portions of the petition and plaintiff's brief which have been heretofore quoted will disclose that plaintiff did not specifically allege in the petition (as he stated in the brief) that a single parked boxcar was in some unknown manner set into motion and violently collided with the boxcar in which plaintiff was working. Had such been alleged, there would appear to be no question but that the petition would have been sufficient to warrant the application of the res ipsa doctrine.

■ The instant petition is not to be commended as a model. However, it should be noted that the order under review did not require a more definite statement of facts which would indicate that the res ipsa doctrine was or was not applicable. It was a ruling that the facts alleged excluded the application of the doctrine and compelled plaintiff to allege the specific acts of defendant's negligence he relied upon. We have concluded that the court erred in so ruling.

■ The petition alleged that as a direct result of the negligence of defendant a boxcar under its exclusive custody and control was caused and permitted by defendant to violently strike the parked boxcar in which plaintiff was working. It was not stated that the collision occurred during a switching operation and hence we need not consider whether the res ipsa doctrine would or would not be applicable in that situation. We think it is evident that the instant allegations would not preclude proof of the res ipsa situation as stated in plaintiff's brief. We have given some concern to the use of the word "caused" in the phrase "caused and permitted." However, that allegation would not necessarily be construed to mean that the defendant committed an affirmative act which caused the car to be propelled against the car being unloaded at the time of the collision. It could have been "caused" to strike that car by the failure of defendant's employees to properly set the brakes, or to take other measures to secure it, when the car was parked. Therefore, it would appear that the use of the words "caused and permitted" would not preclude the application of the res ipsa loquitur doctrine. As indicated, we rule that the petition alleged a factual situation that would permit the application of the res ipsa doctrine and therefore plaintiff should not have been required to allege specific negligence.

■ The first point briefed by defendant is that a motion for a more definite statement is addressed to the sound discretion of the trial court and that its ruling thereon should not be disturbed. We quite agree that in many situations it is within the discretion of the trial court to determine whether plaintiff should make his petition more definite and certain, and, in the absence of an abuse of discretion,—its ruling will not be disturbed on appeal. However, we have the view that the discretionary power vested in the trial court would not authorize that court to require a plaintiff to plead specific negligence when, by reason of the factual situation alleged in the petition, he is entitled to proceed under the res ipsa loquitur doctrine by alleging general negligence only. Allen v. St. Louis-San Francisco Railroad, Mo.Sup., 297 S.W.2d 483.

■ Defendant next contends that the facts alleged in the petition do not show such an unusual occurrence as to make the res ipsa loquitur doctrine applicable. It is pointed out that it is usual and customary for railroads to permit boxcars to collide with other boxcars in switching operations. We recognize that cars are often permitted to strike other cars rather forcefully during switching operations. However, it should be noted that the instant collision was alleged to have been a *violent* one. Moreover, we do not agree that it is usual for railroad boxcars to be caused and permitted to violently strike other boxcars that have been delivered to the consignee for the

purpose of unloading. Westenhaver v. St. Louis-San Francisco Ry. Co., supra. Furthermore, this point seems to be based entirely upon the premise that the instant collision resulted from a switching operation. As heretofore mentioned, the petition does not allege that the collision occurred during a switching operation and we may not infer from the facts alleged that such was the case. We rule this contention against the defendant.

■ The final contention of defendant is that the res ipsa doctrine is not applicable under the facts alleged because it does not appear that the defendant had the exclusive control and management of both of the boxcars involved in the collision. It is pointed out that the car in which plaintiff was working was being unloaded and hence was under the control of the consignee. That contention is without merit. If some movement of each of the cars had contributed to cause the collision it might be essential (which we do not decide) to the application of the doctrine that it be alleged that defendant was in control of both cars. However, in the instant case, the car being unloaded was simply parked on the track and was struck by another moving car. Nothing connected with the parked car tended to cause the collision other than the fact that it had been spotted on that particular track. Under the facts alleged, the proximate cause of the collision and plaintiff's injuries was the movement of the other boxcar. It is sufficient that the boxcar causing the collision was alleged to have been under the exclusive control and management of the defendant. Bobbitt v. Salamander, supra.

The judgment is reversed and cause remanded.

VAN OSDOL and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.