Raese V. SIMPSON, Plaintiff-Appellant,

v.

DYCON INTERNATIONAL, INC. and
Dycon of St. Louis, Inc.,
Defendants-Respondents.

No. 41401.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 16, 1981.

Mark Belz, Clayton, for plaintiff-appellant.

Richard Sher, St. Louis, for defendants-respondents.

SIMON, Judge.

Raese V. Simpson (appellant), a resident of this state, brought suit against Dycon

International, Inc. (respondent), a Texas corporation, and Dycon of St. Louis, Inc. (Dycon of St. Louis), a Missouri corporation, for breach of contract and false advertisement and representations. Respondent, served in Texas, filed a motion to quash the service of process and to dismiss the petition for lack of personal jurisdiction on the ground that the respondent did not commit any of the acts specified in § 506.500 RSMo 1978 [1] which would subject it to the jurisdiction of the court. The trial court granted this motion and dismissed the petition as to respondent.

On appeal appellant contends that the trial court erred in granting this motion, because respondent had transacted business and committed tortious conduct in Missouri which subjected it to service of process under § 506.500. We reverse.

■ The trial court's dismissal of appellant's petition for lack of personal jurisdiction under these particular facts, is an appealable judgment. *Empiregas, Inc. of Noel v. Hoover Ball and Bearing Co.*, 507 S.W.2d 657 (Mo.1974). Appellant is a general agent for Bankers Life of Nebraska, with his principal place of business in St. Louis County. Respondent is a Texas corporation engaged in the manufacture and sale of electronic equipment and Dycon of St. Louis is the Missouri distributor.

On or about January 9, 1978, appellant entered into an agreement with Dycon of St. Louis whereby it agreed to provide certain telecommunication equipment manufactured by respondent at appellant's place of business for the purpose of contacting potential customers. The agreement guaranteed a positive result of 10% increase in customers within a two week test period.

Count I of appellant's petition alleges that: (1) the positive response resulting from the two week test period was far below 10%, (2) Dycon of St. Louis, upon realizing this, assured appellant that most of the money appellant paid for the equipment would be refunded, (3) Dycon of St. Louis removed the equipment from appellant's premises, but has not refunded the money, (4) Dycon of St. Louis was acting as the agent of the respondent. Count II alleges that: (1) Dycon of St. Louis and respondent falsely advertised the equipment, (2) appellant relied on the misrepresentations in entering into the agreement with Dycon of St. Louis, (3) at all times mentioned herein Dycon of St. Louis was acting as the agent of respondent. Respondent's motion to quash service and to dismiss was supported by an affidavit executed by the President of respondent, wherein he admitted respondent sold certain telecommunication equipment to Dycon of St. Louis. Appellant stated he received advertising literature concerning the equipment containing the name of respondent only.

Our State Supreme Court has held that in enacting § 506.500 the ultimate objective of the General Assembly of Missouri:

"... was to extend the jurisdiction of the courts of this state over nonresident defendants to that extent permissible under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States."

(2) The making of any contract within this state;
(3) The commission of a tortious act within this state;
(4) The ownership, use, or possession of any real estate situated in this state;
(5) The contracting to insure any person, property or risk located within this state at the time of contracting.
2. Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction over him is based upon this section."

---

1. All statutory references are RSMo 1978 unless otherwise noted.

"506.500. Actions in which outstate service is authorized.

1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:

(1) The transaction of any business within this state;

*State ex rel. Deere and Company v. Pinnell*, 454 S.W.2d 889, 892 (Mo.banc 1970). The United States Supreme Court has held, "that in order to subject a defendant to a judgment in personam, if he is not present within the territory of the forum," due process requires that "he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Also that "the application of the rule will vary with the quality and nature of the defendant's activity, but it is essential that in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958). In *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980), the United States Supreme Court stated:

> "The forum state does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum state."

Thus, if respondent has sufficient minimum contacts with Missouri, due process requirements would be satisfied.

■ To determine whether or not the respondent had sufficient minimum contacts with this state to satisfy due process requirements, the following factors shall be considered: (1) the nature and quality of the contacts with the forum state, (2) the quantity of contacts with the forum state, (3) the relation of the cause of action to the contacts, (4) the interest of the forum state in providing a forum for its residents, and (5) the convenience of the parties. *State ex rel. Peoples Bank, etc. v. Stussie*, 536 S.W.2d 934, 938 (Mo.App.1976). Analysis of the facts of this case under the five factor

test shows that the assertion of in personam jurisdiction over respondent does not offend due process.

■ The facts show that respondent had numerous contacts of significance with Missouri. The sale of the equipment took place in Missouri. Respondent had sold its equipment to Dycon of St. Louis, which is located in Missouri, pursuant to a distributorship agreement. Advertising literature was distributed for the purpose of inducing Missouri residents to purchase equipment that respondent had manufactured. These contacts have a direct relationship to the cause of action. The equipment involved was manufactured by the respondent. The advertising literature distributed which referred to respondent, contained the alleged false representations on which appellant allegedly relied. Missouri has a substantial interest in protecting its citizens from allegedly false advertising literature concerning a product sold in this state. Finally, two of the three parties involved in this litigation are residents of Missouri, which is the most convenient forum for the determination of the issues involved. It is abundantly clear that respondent was transacting business in Missouri and has sufficient "minimum contacts."

■ Respondent argued in the trial court that Dycon of St. Louis was not its agent and therefore the court had no jurisdiction.[2] Our foregoing analysis indicates that agency is not a required prerequisite of jurisdiction. Respondent has misinterpreted the jurisdictional requirements of § 506.500.

It is not necessary to address appellant's other points raised.

The judgment is reversed and remanded.

SMITH, P. J., concurs.

SATZ, J., concurs in result.

SATZ, Judge, concurring.

I concur in the result reached by the majority. I agree that, on the present facts, *Empiregas, Inc. of Noel v. Hoover*

---

**2.** Respondent did not file a brief.

*Ball & Bearing Co.*, 507 S.W.2d 657 (Mo. 1974) does make the trial court's judgment appealable. However, I question the rationale of *Empiregas*.