**STATE of Missouri, ex rel. AUBURN FORD, INC. (formerly known as Heritage Ford, Inc.), Relator,**

v.

**Honorable Henry W. WESTBROOKE, Jr., Judge of the Circuit Court of Greene County, Mo., Respondent.**

No. 23054.

Missouri Court of Appeals, Southern District, Division One.

May 19, 2000.

Virginia L. Fry, Charity R. Elmer, Blackwell, Sanders, Peper, Martin, LLP, Springfield, for relator.

James A. Endicott, Venus V. Harry, William H. McDonald & Associates, P.C., Springfield, for respondent.

JOHN E. PARRISH, Judge.

This is an original proceeding in prohibition. Auburn Ford, Inc., formerly Heritage Ford, Inc., (relator) seeks to prohibit the respondent judge from taking any action against relator in an underlying tort action other than dismissing the petition. The petition includes ten counts. One is against relator alone. Two are against relator and Ford Motor Company. The

remaining counts are against Ford Motor Company. A preliminary order in prohibition was entered. That order is made absolute.

### The Underlying Action

The underlying action was filed in the Circuit Court of Greene County, Missouri, as case number 198CC1911. Its plaintiffs are Hal Eltiste, Frances Eltiste, Rebecca Bremer and Leah Eltiste (by her next friend Frances Eltiste). The named defendants are Ford Motor Company and relator (identified in the petition as "Heritage Ford, Inc."). The plaintiffs are all Nebraska residents. Relator is a Nebraska corporation. Its principal and only office is located at Auburn, Nebraska. Relator is not registered to do business in Missouri.

The injuries for which recovery is sought in the underlying tort action arose from a Nebraska automobile accident. The vehicle in which plaintiffs were traveling at the time of the accident was a 1991 Ford Aerostar van. The petition alleges that the accident occurred on or about May 22, 1994; that the driver of the van at the time of the accident was Hal Eltiste. It states that Ford Motor Company manufactured the vehicle in Missouri. The petition alleges that the van's cruise control had been engaged; that as the van approached an intersection, Mr. Eltiste attempted do disengage the cruise control, but it would not disengage. It asserts that as a result of the cruise control failing to disengage, the vehicle went through the intersection, left the roadway, and hit an embankment thereby injuring the occupants.

The petition alleges that in January 1994, the van had been taken to relator for repairs. An operator of the van had experienced a sudden acceleration during which the cruise control would not disengage. It asserts that relator purportedly repaired the defect; that it gave assurances that the defect had been repaired.

Following the filing of the petition in Greene County, relator filed a motion to dismiss the action for lack of personal jurisdiction and failure to state a claim on which relief could be granted. The respondent trial judge denied the motion.

### Relator's Allegation

Relator presents two points relied on in support of its claim that this court should prohibit the respondent judge from exercising jurisdiction in the underlying tort action other than to dismiss the petition as to relator. Point I asserts that Missouri lacks personal jurisdiction over relator because relator did not transact business in Missouri and the underlying cause of action did not arise from relator's contacts with Missouri. Point II argues that there is no personal jurisdiction over relator because relator does not keep or have an office or agent in Missouri for the transaction of its usual and customary business; that the underlying tort action did not occur in Missouri; and because venue is not proper as to the co-defendant in the underlying action, Ford Motor Company.

### Nonresident Defendant

■ Relator is a nonresident of Missouri. "In order for a non-resident defendant to subject itself to the long-arm jurisdiction of this state, two elements must be present. *Dillaplain v. Lite Industries, Inc.*, 788 S.W.2d 530, 533 (Mo.App.1990). First, the suit must arise out of the activities enumerated in the long arm statute;[1] second, the defendant must have sufficient minimum contacts with Missouri to satisfy due process requirements. *Id.*" *Chromalloy American Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 4 (Mo. banc 1997).

■ The intent of the legislature in adopting Missouri's long arm statute "was to extend the jurisdiction of the courts of this state over nonresident defendants to that extent permissible under the Due

1. Missouri's long arm statute is § 506.500, RSMo 1994.

Process Clause of the Fourteenth Amendment of the Constitution of the United States." *State ex rel. Deere & Co. v. Pinnell,* 454 S.W.2d 889, 892 (Mo. banc 1970). "[D]ue process requires only that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* at 893.

To determine whether or not [a nonresident defendant] had sufficient minimum contacts with this state to satisfy due process requirements, the following factors shall be considered: (1) the nature and quality of the contacts with the forum state, (2) the quantity of contacts with the forum state, (3) the relation of the cause of action to the contacts, (4) the interest of the forum state in providing a forum for its residents, and (5) the convenience of the parties.

*Simpson v. Dycon International, Inc.,* 618 S.W.2d 455, 457 (Mo.App.1981). In reviewing minimum contacts, a court focuses on the relationship between the defendant, the forum and the cause of action. *State ex rel. William Ranni Associates, Inc. v. Hartenbach,* 742 S.W.2d 134, 138 (Mo. banc 1987).

### Due Process

*(1) Nature and quality of relator's contacts with Missouri*

■ As a Nebraska corporation, relator is a nonresident of Missouri. It is not registered to do business in Missouri. The only location where relator completes sales or repairs of vehicles is its place of business in Auburn, Nebraska. Relator had no contacts in Missouri with the plaintiffs in the underlying tort action. The nature and quality of contacts favor relator for purposes of determining if the underlying tort action arose from relator's contacts with Missouri.

*(2) Quantity of relator's contacts with Missouri*

Relator's business advertising includes a newspaper advertisement in a weekly newspaper published in Rockport, Missouri, and a billboard advertisement in Missouri near Rockport. It advertised in telephone book yellow pages in the 1995 and 1997 Official Telephone Directories for Northwest Missouri.

Relator has purchased cars for resale from an auto auction in Kansas City, Missouri. There is nothing in the record before this court that would indicate those purchases affected the plaintiffs in the underlying tort action.

Persons with Missouri addresses have purchased or leased 80 vehicles from relator from 1993 to 1998, an average of 16 vehicles per year. Relator's records reflected it had repaired 326 vehicles owned by persons with Missouri addresses from 1994 to 1998. The plaintiffs in the underlying action alleged that relator had contacted Missouri residents by U.S. Mail, facsimile correspondence and telephone calls.

The circumstances revealed by the record do not indicate that the plaintiffs in the underlying tort action were affected in any respect by the quantity of contacts relator had with residents of Missouri. This court concludes that neither the plaintiffs in the underlying action nor relator is favored with respect to the quantity of relator's contacts with Missouri.

*(3) Relation of the cause of action to relator's contacts with Missouri*

The accident that is the basis of the underlying tort action occurred in Nebraska. The repairs about which plaintiffs complained occurred in Nebraska. Plaintiffs do not allege that they chose relator to repair their vehicle as a result of any of relator's Missouri contacts. The relation of the cause of action to relator's contacts in Missouri significantly favors relator.

*(4) Interest of Missouri in providing a forum*

No party to the underlying tort action is a resident of Missouri. Missouri has no obligation to provide a forum for Nebraska residents to sue a Nebraska corporation that maintains its sole business and sales office in Nebraska. This factor favors relator.

*(5) Convenience of the parties*

There is no showing that any party to the underlying tort action would find it more convenient for that action to be tried in Missouri. Furthermore, if the action were tried in Missouri, it is likely that the applicable substantive law would be Nebraska law. *See Thompson by Thompson v. Crawford,* 833 S.W.2d 868, 870 (Mo. banc 1992). The factor of convenience favors relator.

This court concludes that relator did not have sufficient minimum contacts with Missouri with respect to the underlying tort action to satisfy due process requirements that would enable Missouri courts to exercise jurisdiction over a nonresident defendant. Point I is granted. It is determinative. For that reason Point II need not be, and is not, addressed.

Peremptory writ in prohibition shall issue commanding the respondent judge to take no action in case number 198CC1911 pending in the Circuit Court of Greene County, Missouri, with respect to the relator herein other than dismissing the petition as to that party.

CROW, P.J., and SHRUM, J., concur.