The State ex rel. Consolidated School District No. 8 of Newton County v. Argus Cox et al., Judges of Springfield Court of Appeals.—18 S. W. (2d) 61.

Division Two, June 4, 1929.

*Leo H. Johnson* and *Horace Ruark* for relator.

*P. H. Graves* for respondents.

BLAIR, P. J.—This is an original proceeding by certiorari directed to the judges of the Springfield Court of Appeals to review the opinion of respondents affirming the judgment of the trial court in the case of Reta Boswell against the relator, on the ground of alleged conflict in said opinion with controlling decisions of this court.

We find that relator has failed to comply with Rule 33 of this court on "Procedure as to Original Writs," which rule provides that "on final hearing printed abstracts and briefs shall be filed in all respects as is required in appeals and writs of error in ordinary cases." As certiorari is an original proceeding, the procedure in relation thereto is covered by said Rule 33, notwithstanding Rule 34 applies especially to certiorari to courts of appeals. The latter rule deals only with the application for the issuance of our writ and does not cover the procedure in such cases after the writ has been issued.

Since Rule 33 requires printed abstracts in original proceedings "in all respects as is required in appeals and writs of error in ordinary cases," we are thereby referred to Rules 11, 12 and 13 to learn the requirements as to the printing and filing of abstracts in original proceedings.

Rule 11 deals with short form transcripts and fixes the time for serving and filing abstracts and authorizes the filing of additional abstracts and objections thereto and provides for the waiver of objections where matters are not properly shown in abstracts which have been printed and filed in the case. There is nothing in Rule 11 permitting a respondent to waive the printing and filing of an abstract.

Rule 12 governs where a complete transcript is brought to the court in the first instance. Rule 13, so far as important here, is as follows: "The abstracts mentioned in Rules 11 and 12 shall be printed in fair type, be paged and have a complete index at the end thereof, which index shall specifically identify exhibits where there are more than one, and said abstracts shall set forth so much of the record as is necessary to a complete understanding of all the questions presented for decision. . . ."

Rule 16 is as follows: "If any appellant in any civil case fail to comply with the rules numbered 11, 12, 13 and 15, the court, when the cause is called for hearing, will dismiss the appeal, or writ of error; or, at the option of the respondent continue the cause at the

cost of the party in default.'' The penalty of dismissal of the original proceeding is the penalty to be imposed upon relator for its failure to print and file an abstract of the record.

Relator has merely filed its statement, brief and argument. At the conclusion thereof there is appended what purports to be a copy of the opinion handed down by respondents. Said document does not purport to be a printed abstract of the record in the case. It has printed and filed no document purporting to be such abstract.

Rules of court are made for the guidance of litigants and for the purpose of facilitating and expediting the business of the court. The purpose of the printed abstract of the record is to put before the court the record upon which the case is to be considered and decided here. The relator (or appellant) prints an abstract of the record and respondent may print an additional abstract if relator's abstract is deemed incorrect or insufficient. If respondent does not challenge the abstract printed and filed by relator (or appellant), the court assumes that the record set forth therein is correct in all respects. As there is no printed abstract in this case, we have no authoritative record upon which the parties have agreed. Hence. we do not know from any authoritative record whether the petition for our writ was timely filed or what grounds of alleged conflict are set forth in the petition, or even that the purported copy of the opinion, appended to relator's statement and brief, is in fact a true copy thereof.

It is quite manifest that relator has failed to comply with the foregoing rules and particularly with Rule 13. It has failed to file an abstract, printed or otherwise, setting forth so much of the record as is necessary to a complete understanding of the questions presented for decision in this proceeding.

True, we have access to certain papers filed here before our writ was issued, but relator cannot ignore our rules and insist that we get the information necessary to render a decision in the case through means other than that provided by such rules. It is our duty to enforce our rules and not to permit litigants to treat them as a mere scrap of paper.

Nor can it be said that the penalty provided by Rule 16 should not be imposed upon relator because respondent made no complaint of relator's violation of our rules nor asked that the case be dismissed on that ground. As we read Rule 16, the penalty of dismissal will be visited upon an offending relator unless respondent exercises his option and has the cause continued at relator's cost. This respondent has not done.

Unless we are to encourage disrespect for and violation of our rules, we must enforce them as written. Because of relator's failure to observe the rules above noticed, the proceeding should be and is dismissed. All concur.