FRANCIS E. PAYNE ET AL., Appellants, v. EMMA PAYNE ET AL.—89 S. W. (2d) 665.

Division Two, January 4, 1936.

*Silvers & Sheppard* and *Elmer B. Silvers* for appellants.

*Edward Myers, Herman Pufahl* and *Lee E. Cook* for respondents.

COOLEY, C.—This is an action to construe and have declared void the will of Travis Payne, deceased. Testator left no widow or descendants. Plaintiffs are collateral heirs. Defendants are collateral heirs and the executors of his will and trustees of a trust thereby created. The real contention of plaintiffs is that the will is void, because violative of the rule against perpetuities and for uncertainty. The circuit court found for the defendants, adjudging the will valid and enforceable. Without giving a further statement of the facts or discussing the legal propositions advanced, for reasons presently to appear, we will say for the benefit of the litigants that we have carefully examined the will in question and are satisfied that it is not subject to either of the objections urged against it and that the judgment of the circuit court holding it to be a valid and enforceable instrument is right. But the state of the record here precludes an opinion on the merits unless we ignore our rules.

Respondents have filed here a motion to dismiss the appeal for failure of appellants to comply with our Rule 13, requiring an appellant to file here a printed abstract of the record having "a complete index at the end thereof," and for failure to comply with our Rule 7 as to what shall be embodied in the bill of exceptions in an equity case and shown by the abstract. We need not consider the alleged violation of Rule 7. The matters omitted from appellants' abstract have been brought here and are presented by respondents by an additional abstract. But there is a clear violation of Rule 13. Appellants' abstract contains no index whatever, nor is there a "printed and indexed" transcript, certified by the circuit clerk or a "printed, indexed and uncertified" copy of the record, as provided for by Rule 14.

In Manuel v. St. Louis & San Francisco Railroad Co., 186 Mo. 499, 85 S. W. 551, the appeal was dismissed because the abstract was not indexed. So in Murrell v. McGuigan, 148 Mo. 334, 49 S. W. 984. In State ex inf. Barrett, Atty. Gen., v. Parrish, 307 Mo. 455, 460, 270 S. W. 688, 690, the court said: "Our rules of court require, not only a printed abstract of the record, but likewise require a printed index at the conclusion of the printed abstract of the record. Rule 13 of this court. This rule is mandatory in its terms and, unless complied with, warrants the court in dismissing the appeal." Rule 16 provides that if the appellant fail to comply with rules 11, 12, 13 and 15 the court "will dismiss the appeal, or writ of error; or, at the option of the respondent continue the cause at the cost of the party in default."

Appellants, in opposition to respondents' motion to dismiss, cite Meek v. Hurst (Mo.), 191 S. W. 68, wherein this court refused to

dismiss the appeal because the abstract contained no index. In that case the trial court had sustained a demurrer to the petition, from which ruling and the judgment thereon the plaintiff had appealed. The entire record on appeal consisted of the petition, demurrer and judgment. The court said, 191 S. W. l. c. 70 (3): "We have suffered no inconvenience because the petition, demurrer, and judgment which constitute the entire printed abstract is without index. We think that in this case the abstract constitutes a substantial compliance with the rule." [Rule 13.] That cannot be said of the abstract here in question. It is true it is not voluminous, consisting of twenty-seven printed pages. But it purports to set forth, and in order to comply with our rules, must show, all the steps incident to the trial, including matters of record proper and matters constituting part of the record by incorporation in the bill of exceptions. To hold in such situation that our rules may be ignored because the abstract in the instant case happens not to be very long would be but to encourage laxity in the observance of our rules by our own laxity and uncertainty in the enforcement of them. If the rule is not to be enforced as written, where shall the line be drawn? How voluminous and complicated must a record be in order that the abstract thereof must be indexed, under the rule?

"Rules of court are made for the guidance of litigants and for the purpose of facilitating and expediting the business of the court." [State ex rel. Consol. School Dist., etc., v. Cox, 323 Mo. 43, 18 S. W. (2d) 61, (3).] Reasonable observance thereof by litigants and adherence thereto by this court are necessary to the proper and expeditious disposal of the business of the court. Respondents' motion to dismiss is good unless we ignore our rules. While we dislike disposing of cases in this manner we feel constrained to do so in this case. The appeal is dismissed. *Westhues* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by COOLEY, C., is adopted as the opinion of the court. All the judges concur.