RUTH E. BRADY, DEFENDANT IN ERROR, v. FRANK RAPEDO, PLAINTIFF IN ERROR.—139 S. W. (2d) 540.

Kansas City Court of Appeals. April 1, 1940.

*Louis Kranitz* for plaintiff, defendant in error.

*Horace Merritt* and *Meyer & Imbersteg* for defendant.

KEMP, J.—This is a suit in unlawful detainer instituted by the filing of complaint before a justice of the peace for Washington Township in Buchanan County. Upon change of venue, the case was tried before a justice of the peace for Bloomington Township in said county, wherein a judgment was rendered in favor of the plaintiff. From this judgment an appeal was taken to the circuit court of Buchanan County, where, following an amendment of the complaint, a judgment by default was rendered in favor of plaintiff and against defendant. Following this adverse judgment, the defendant filed in this court his application for writ of error, upon which application our writ was duly issued.

Preliminary to any review of this matter on the matter on the merits, we are confronted with the motion of defendant in error (Plaintiff below) to dismiss the writ of error. The grounds assigned for dismissal are as follows:

(1) Because the statement filed by plaintiff in error fails to comply with Rule 16 of this court, in that it does not consist of a clear and concise statement of the case, without argument, reference to issues of law, or repitition of testimony of witnesses'', and that said state-

ment is insufficient "to enable the court to be informed of the material facts of the case by the statements, without being compelled to gleam them from the abstract of the record." (The quoted language is from our Rule 16.)

(2) Because plaintiff in error has violated Rule 17 of this court, in that he has filed no assignments of error in conformity with the requirments of said rule to the effect that "plaintiff in error shall distinctly and separately allege the errors committed by the inferior court," and further that the "Point and Authorities" set out in the brief fail to sufficiently appraise the court as to the errors alleged to have been committed by the lower court.

(3) Because the plaintiff in error has violated Rule 30 of this court in failing to have a complete index at the end of the abstract.

Under the circumstances in this particular case, we think the statement reasonably complies with the requirements of our Rule 16. In this case, no bill of exceptions was filed and only the record proper is brought before us. The statement recites the institution of the suit in the justice court for unlawful detainer; that judgment was there rendered in favor of the plaintiff; that an appeal was taken to the circuit court; that the complaint was there amended, setting out the particulars in which it was amended; that default judgment was rendered against the defendant, and that the point for our determination was whether or not the amended complaint constituted an entirely different cause of action from the cause of action on which judgment was rendered in the justice court, and whether or not, under such circumstances, the judgment rendered in the circuit court on the amended complaint constituted a valid judgment.

There was no separate assignment of errors, but there are four points separately stated under "Points and Authorities." The first point contains a clear statement of the contention of the plaintiff in error that the amended complaint stated an entirely distinct cause of action from that stated in the original complaint filed in the justice court, and, for that reason, the circuit court had no jurisdiction to enter judgment on a cause of action different from that sued upon in the justice court. In support of that point, an authority directly bearing upon that contention is cited. This was actually the only point in the case in view of the absence of any bill of exceptions.

Neither of the first two grounds of the motion to dismiss can be sustained.

The third ground of this motion to dismiss presents a clear violation or our Rule 30, in that there is no index whatever contained in the abstract of the record. Plaintiff in error concedes his failure to include any index, but suggests that the penalty of the dismissal should not be inflicted in view of the brevity of the abstract of the record "consisting of nineteen pages of our twenty-seven page printed volume

containing with said abstract eight pages of our statement, points and authorities and argument.''

Rule thirteen of the Supreme Court of Missouri makes the same requirement with respect to the inclusion of an index to the abstract of the record as does our rule 30. In construing its Rule 13, the Supreme Court has held  in State ex inf. Barrett v. Parrish, 307 Mo. 455, 1. c. 460, 270 S. W. 688, 1. c. 690, that:

''This rule is mandatory in its terms and, unless complied with, warrants the court in dismissing the appeal.''

In Payne v. Payne, 338 Mo. 224, the point was there made, as is made here, that in view of the brevity of the abstract, the court would not be warranted in enforcing the penalty prescribed for failure to include an index. In passing upon this question, the court held:

''To hold in such situation (referring to an abstract of twenty-seven pages) that our rules may be ignored because the abstract in the instant case happens not to be very long would be but to encourage laxity in the observance of our rules by our own laxity and uncertainty in the enforcement of them. If the rule is not to be enforced as written, where should the line be drawn? How voluminous and complicated must a record be in order that the abstract thereof must be indexed, under the rule?

'' 'Rules of court are made for the guidance of litigants and for the purpose of facilitating and expediting the business of the court.' [State ex rel. Consol. School Dist. etc. v. Cox, 323 Mo. 43, 18 S. W. (2d) 61, (3).] Reasonable observance thereof by litigants and adherence thereto by this court are necessary to the proper and expeditious disposal of the business of the court. Respondents' motion to dismiss is good unless we ignore our rules. While we dislike disposing of cases in this manner we feel constrained to do so in this case. The appeal is dismissed.''

In bank of Kennett v. Tatum, 340 Mo. 198, the Supreme Court, in sustaining a motion to dismiss an appeal because of the failure of the abstract to include an index, said (1. c. 200):

''While we are loath to dispose of an appeal in this manner and to repeal our rules than to annul them by construction. So long as they remain in force the opposing litigant has rights to their resonable enforcement which cannot be ignored.''

We think the rulings of the Supreme Court in the foregoing cases sound. While this court has frequently announced that our rules are to be liberally construed (Myers v. Union Electric Light & Power Co., 125 S. W. (2d) 950), the question of the *construction* of our Rule 30 is not here involved. The rule provides that ''the abstract mentioned in Rule 15 shall have a complete index at the end thereof.'' There is no question here as to the *sufficiency* of the index therein required. Here there is *no* index. To refuse to apply the penalty of dismissal for failure to include an index would not involve a liberal

*construction* of the rule, but would merely mean that we had in this case elected to *ignore* the rule.

While we much regret the necessity of disposing of a case in this manner, we nevertheless feel that the avoidance of a precedent that would leave a court free to ignore or recognize a rule as it might, under the particular circumstances, see fit, is of more importance than the determination of this case upon its merits.

The writ of error is dismissed. All concur.