Coca Cola Bottling Works, Inc.

*v.*

Chester Crow

(*Jackson*, April Term, 1956.)

Opinion filed April 27, 1956.

Rehearing Denied June 8, 1956.

162

Joe C. Davis and Joe A. Appleby, Lexington, for petitioner Chester Crow.

E. L. Stewart, Lexington, Keith Short, Jackson, for respondent Coca Cola Bottling Works, Inc.

Mr. Justice Tomlinson delivered the opinion of the Court.

Coca Cola Bottling Works, Inc., manufactured, sold and delivered on July 5, 1952 to a retail country merchant named Havener several cases of Coca Cola. This merchant sold two of these cases to Chester Crow on July 8. In something like an hour thereafter one of these bottles exploded. A sliver of glass therefrom struck Crow in the eye and destroyed its vision.

The first count of the declaration upon which Crow sought to recover damages from the Bottling Works alleged negligent overcharging the contents of the exploding bottle with carbonic acid gas. The second count charged use of a defective bottle, or one of inferior material.

The Trial Court submitted the case to the jury after overruling defendant's motion at the close of all the evidence for a directed verdict. The jury found for plaintiff with damages fixed at $7,500. The Court of Appeals in a two to one decision reversed and dismissed the suit on the ground that there is no evidence that the Bottling Works had been guilty of any negligence. Petition for *certiorari* was granted.

■ The beverage bottled was charged with carbonic acid which exerts an exploding pressure upon the bottle into which it is confined. While it is the duty of the bottler to the public to exercise care commensurate with this fact, yet proof of negligence, actual or inferential, is a prerequisite to liability of the manufacturer. *Crigger v. Coca-Cola Bottling Co.*, 132 Tenn. 545, 179 S.W. 155, L.R.A.1916B, 877.

The uncontradicted testimony introduced in behalf of the Bottling Works is that it used the most modern machinery in bottling this Coca Cola, and employed those methods and that procedure recognized as standard and acceptable in this kind of work, and pursued such procedure in the selection of bottles in which the beverage is contained. The bottle which exploded to the injury of Crow was in one of the two cases so manufactured and delivered by the Bottling Works to merchant Havener on July 5. Such delivery was without event.

These cases of Coca Cola, when purchased by Havener,

were placed by the Bottling Works behind the counter in the side rear of Havener's store. Other than Havener and his son, no persons had access to this storage space except men delivering other kinds of soft drinks or other merchandise, and entered such space only to place therein the merchandise bought from them.

The two cases of Coca Cola bought by Crow were placed on top of a stack of several cases. They were taken down by the merchant and placed on the floor in the ordinary way when Crow purchased them. This evidence may be regarded as eliminating the probability of anything being done to, or changes in the condition of, those bottles or their contents while in the possession of the merchant Havener.

On this occasion, Crow purchased from Havener bottles of other kinds of beverages, and a fifty pound block of ice which he broke into small pieces at the store and placed in a large galvanized tub. He then put these soft drinks, except the Coca Colas, in this tub of ice. He carried the two cases of Coca Colas to his truck and placed them thereon immediately behind the cab with no disturbance of the bottles.

Crow was taking these soft drinks to a ball park where a baseball game was to be played. This park was about half a mile from Havener's store. The public road over which the truck was driven from the store to this park was hard surfaced with the exception of about two hundred yards of graveled road. This truck was driven without event to the park and in an ordinarily careful manner.

A few bottles of Coca Colas were then taken by Crow from the case and placed in this tub of crushed ice on the opposite side from the other soft drinks. Then Crow

and his assistant lifted the tub from the truck to the shade of a nearby tree. There was no jarring, or rattling of bottles while these things were being done.

About thirty minutes later Crow's first customer called for a bottle of Pepsi-Cola. This beverage was on the opposite side of the tub from the Coca Cola. As Crow reached into the tub to get it, and without having made any contact with the Coca Cola on the other side, the Coca Cola bottle exploded.

The two fact conclusions necessarily required under the foregoing evidence are: (1) there is no affirmative evidence of any specific act of negligence upon the part of the bottler, and (2) the evidence is all to the effect that the bottle which exploded was carefully handled by every one into whose possession and control it came from the time it left the bottler's possession and control until the explosion, and that during this interval the evidence eliminated the probability of any tampering with it or its contents.

These being the facts, and keeping in mind that the Bottling Works is not liable for this injury in the absence of any material evidence of causative negligence, the question is whether by reason of the two fact conclusions above stated an inference of negligence upon the part of the Bottling Works is reasonably permissible. If not, then, of course, the case should not have been submitted to the jury.

In the very able discussion of this question in *Boykin v. Chase Bottling Works*, 32 Tenn.App. 508, 518, 222 S.W.2d 889, 894, it was very properly recognized that: " ' The explosion of a bottle, the contents of which were advertised and sold as Coca-Cola, a harmless and re-

166

freshing beverage, raised an inference of negligence against some one, * * *.'."

■ The explosion in the instant case occurred after the bottle had been put out of the possession and control of the Bottling Works and into the possession and control of others. That being true, and nothing else appearing, the doctrine of res ipsa loquitur, in its primary sense, may not be used to infer negligence upon the part of the Bottling Works. This is because these other persons in whose control and possession the bottle was at the time of the explosion might very well have been the ones who were guilty of the negligence that caused such explosion.

*Coca-Cola Bottling Works v. Sullivan,* 178 Tenn. 405, 158 S.W.2d 721, 725, 171 A.L.R. 1200, decided what else must appear in evidence in addition to the fact of the explosion before an inference of causative negligence is permissible against the Bottling Works, when that explosion occurs while the bottle is in the possession and control of persons other than the Bottling Works or its agent. The rule there pronounced is that the case should go to the jury as to such negligence of the Bottling Works when the plaintiff has made it appear by a "clear preponderance of the evidence" that the bottle was carefully handled by all into whose possession and control it came after leaving the possession and control of the Bottling Works, and that there was no reasonable opportunity for that bottle or its contents to have been tampered with by some one after it left the possession and control of the Bottling Works.

■ The evidence in this case amply meets that requirement. Therefore, as this Court views it, the Trial Judge under the authority of the Sullivan case was re-

quired to submit to the jury the question of whether it was the Bottling Works that was guilty of the negligence which caused this explosion.

In the Sullivan case the bottle contained a foreign substance, a piece of glass, which the plaintiff swallowed while drinking the Coca Cola. In the instant case the bottle exploded. But, as noted in the Boykin case, supra "there can be no difference in principle between a case of that kind and one involving an injury resulting from the bursting of a bottle, where, after the beverage leaves the hands of the bottler, there is no intervening act operating as a causative factor".

Any one interested in reading the decisions of other jurisdictions on this question will find an excellent diiscussion of the question in the Missouri case of *Stolle v. Anheuser-Busch,* 307 Mo. 520, 271 S.W. 497, 39 A.L.R. 1001. It reaches the same conclusion as that reached in the Sullivan case.

Crow's petition for *certiorari* presents other questions. It will not be necessary to consider those questions since the conclusion we have reached and heretofore stated is determinative of the case in his favor.

The judgment of the Court of Appeals will be reversed and that of the Circuit Court affirmed, with costs of the appeal taxed to the Bottling Works and its sureties.