Marjorie FERRELL, Plaintiff-Respondent,

v.

SIKESTON COCA–COLA BOTTLING CO., Inc., Defendant-Appellant.

No. 7720.

Springfield Court of Appeals.

Missouri.

Jan. 26, 1959.

Blanton & Blanton, Sikeston, for defendant-appellant.

Joslyn & Joslyn, T. B. Russell, Charleston, for plaintiff-respondent.

STONE, Presiding Judge.

Defendant appeals from the judgment for $1,000 entered upon the jury verdict for plaintiff, then nineteen years of age, the proprietress of a beauty shop in Charleston, Missouri, for injuries sustained on September 1, 1956, when a bottle of coca-cola exploded in her left hand, as she was placing the bottle in an upright refrigerated cooler in her beauty shop.

Plaintiff's business was conducted in a large room, fronting toward the north and divided by an east-and-west partition (not extending to the ceiling) into the beauty shop area in the front, about forty feet by fifty feet in size, and a small "supply room" in the rear. The only entrance to the supply room was through a door in the partition about three feet from the west end thereof. An insulated thirty-gallon hot water heater, the sole function of which was to provide hot water for the operators in the beauty shop, stood upright "back on the *east*" in the supply room, and cases of coca-cola, from which the cooler in the beauty shop was replenished from time to time, were stacked against the *west* wall in the supply room. Plaintiff did not remember whether the air-conditioner was operating on the day she was injured, which, as she said, "was just an ordinary September day." In response to an inquiry whether there had been "any unusual or extreme either hot or cold temperatures in there other than normal weather," plaintiff answered, without objection, "no, sir."

Plaintiff rented the refrigerated cooler from defendant for "ten cents a case," and defendant's deliveryman called at plaintiff's place of business at intervals of about two weeks. On each occasion, he "checked to see if I (plaintiff) needed any cokes, * picked up the empty bottles and brought in what I needed, and if I needed any in the machine (cooler) he would put a case in and he would put the extra cokes in the supply room." His last delivery to plaintiff's shop prior to the accident under discussion had been on August 17, 1956, when the customary procedure had been followed and two cases of coca-cola had been sold and stacked in the supply room. Plaintiff kept the key to the cooler; and, on the day of her accident, the top of the cooler was raised. As plaintiff described it, she had gotten two bottles of coca-cola from a case in the supply room, had carried those bottles to the cooler in her left hand (in a manner demonstrated to the jury), and was in the process of placing the first bottle in the cooler when it exploded in her hand. In plaintiff's language, "I started setting this one down and about halfway or three-fourths of the way down, it exploded."

Defendant stood on its motion for a directed verdict at the close of plaintiff's

evidence, and the decisive issue on this appeal is whether plaintiff made a submissible case. The parties agree that, since the landmark decision in Maybach v. Falstaff Brewing Corp., 359 Mo. 446, 222 S.W.2d 87, an exploding bottle case of this character is not regarded, in Missouri, as "a true res ipsa loquitur case" [359 Mo. loc. cit. 456, 222 S.W.2d loc. cit. 92], i. e., as a case in which negligence may be inferred "without any evidential facts except the unusual occurrence itself." Harke v. Haase, 335 Mo. 1104, 1110, 75 S.W.2d 1001, 1004; Palmer v. Brooks, 350 Mo. 1055, 1061, 169 S.W.2d 906, 909; Hendricks v. Weaver, Mo., 183 S.W.2d 74, 76; Bobbitt v. Salamander, 240 Mo.App. 902, 908, 221 S.W.2d 971, 974; Powers v. Seibert, Mo.App., 297 S.W.2d 627, 630. But, the fact that a case may not be brought within the res ipsa doctrine does not preclude a plaintiff from making a submissible case of general negligence by circumstantial evidence [Maybach case, supra; Kees v. Canada Dry Ginger Ale, Mo.App., 225 S.W.2d 169, 171(3); Stephens v. Coca-Cola Bottling Co. of St. Louis, Mo.App., 232 S.W.2d 181, 187]; and, it is on the latter basis that instant plaintiff pleaded, tried and here presents her case.

■ As to the evidence required to permit and sustain a judgment for plaintiff in a general negligence case of this character, our Supreme Court pointed out in the Maybach case, supra, 359 Mo. loc. cit. 456, 222 S.W.2d loc. cit. 92, that plaintiff "cannot rely upon the mere proof of the occurrence to raise an inference of negligence on the part of (defendant), but must offer evidence to negative the possibility that the injury may have been due to some cause intervening after (defendant) had parted with con-

trol." To the same effect, see the Kees case, supra, 225 S.W.2d loc. cit. 172(4), and the Stephens case, supra, 232 S.W.2d loc. cit. 185-186. The opinion in the Maybach case noted, 359 Mo. loc. cit. 454, 222 S.W.2d loc. cit. 91, that plaintiff "offered evidence tending to prove that the explosion of the bottles was not due to negligent handling or exposure to unusual temperature changes after the bottles left the possession and control of (defendant)," and again that plaintiff "offered evidence tending to show due care in the manner in which the bottles were kept and handled after they left the control of (defendant)," and the court concluded, 359 Mo. loc. cit. 456, 222 S.W.2d loc. cit. 92, "that a submissible case has been made, depending partially, on circumstantial evidence." True, plaintiff Maybach "further offered to prove the explosion of other bottles from the same shipment which had been handled and kept in the same way" [359 Mo. loc. cit. 454, 222 S.W. 2d loc. cit. 91]; but, although the court thought that "such evidence would be extremely important in this kind of a case" and that exclusion thereof constituted prejudicial error, we do not understand that the Maybach case (or any Missouri case) has made proof of the explosion of other bottles filled by the same defendant under substantially similar circumstances and at reasonably proximate times an essential element of, and an indispensable prerequisite to, submission of an exploding bottle case on general negligence in this jurisdiction.[1]

■ In the instant action, defendant apparently recognizes that, on the authority of the Maybach case, supra, plaintiff made a submissible case if her proof as to the explosion itself was coupled with and supplemented by substantial evidence tending to show that, after the bottle (which sub-

---

1. Such proof *may* be essential to a submissible case under the so-called North Carolina doctrine [Dail v. Taylor, 151 N.C. 284, 66 S.E. 135, 28 L.R.A.,N.S., 949; Ashkenazi v. Nehi Bottling Co., 217 N.C. 552, 8 S.E.2d 818; Styers v. Winston Coca-Cola Bottling Co., 239 N.C. 504, 80 S.E.2d 253], for which, how-

ever, we find little support elsewhere. Stone v. Van Noy Railroad News Co., 153 Ky. 240, 154 S.W. 1092; Coca-Cola Bottling Works v. Shelton, 214 Ky. 118, 282 S.W. 778; Stewart v. Crystal Coca-Cola Bottling Co., 50 Ariz. 60, 68 P.2d 952, 956; annotation 4 A.L.R.2d 466, 479.

sequently exploded) had passed from defendant's possession and control, it had not been damaged or handled negligently and had not been subjected to unusual temperature change; but, the tenor of defendant's principal complaint is that there was no substantial evidence to negate negligent handling. We observe preliminarily that, in making an affirmative showing that the exploding bottle had not been handled negligently, it was particularly important for plaintiff to prove that she herself had handled the bottle carefully [cf. Escola v. Coca Cola Bottling Co. of Fresno, 24 Cal.2d 453, 150 P.2d 436, 439; Johnson v. Coca Cola Bottling Co. of Willmar, 235 Minn. 471, 51 N.W.2d 573, 578], for cases of this character dramatically demonstrate and appropriately recognize the ready possibility that a bottle explosion may have been caused by mishandling at or immediately prior to the explosion. E. g., Palmer v. Hygrade Water & Soda Co., 236 Mo.App. 247, 151 S.W.2d 548; Burkett v. Panama City Coca-Cola Bottling Co., Fla., 93 So.2d 580; Henning v. Thompson, Fla., 45 So.2d 755; Cole v. Pepsi-Cola Bottling Co., 65 Ga.App. 204, 15 S.E.2d 543, 548. But, absent any complaint by instant defendant concerning the sufficiency of plaintiff's proof on this important facet of her case, we pass to the gravamen of defendant's charge, i. e., that there was no credible evidence that the bottle had not been damaged or mishandled by one of plaintiff's three employees during the period from its delivery to the beauty shop (probably on August 17, 1956) to the time of explosion.

Plaintiff employed in her beauty shop two operators (unidentified by name) and a colored maid. The maid was the only person in the shop (other than plaintiff) at the time of explosion and was the only employee who testified upon trial. She confirmed plaintiff's account of the explosion but was not asked whether she had handled either the bottle which exploded or any of the bottles stored in the supply room. However, in the course of *plaintiff's* direct examination, she was asked "these cases of coca-cola (stacked in the supply room), were they disturbed at any time?" and was permitted to answer, *without objection to the question and without motion to strike the answer,* "no, sir, they were brought in by the coke man and not bothered"; but, on appeal, defendant earnestly insists that the quoted question and answer did not constitute credible testimony that the bottle had not been handled or disturbed because it "obviously called for and produced a conclusion, guess, surmise and speculation."

■ We recognize that not every human assertion should be accepted as the basis of an inference that the thing asserted is true [Barnhart v. Ripka, Mo.App., 297 S.W. 2d 787, 791; Wigmore on Evidence (3rd Ed.), Vol. II, § 475, loc. cit. 516], for no witness should be heard with respect to that concerning which he (or she) does not possess the fundamental and basic testimonial qualification of knowledge. Wigmore, § 478, p. 518; Ibid., § 656, p. 762; Davis v. Gatewood, Mo., 299 S.W.2d 504, 510; Christian v. Jeter, Mo., 287 S.W.2d 768, 770(2); Pedigo v. Roseberry, 340 Mo. 724, 102 S.W.2d 600, 606(4); Cole v. Uhlmann Grain Co., 340 Mo. 277, 100 S.W.2d 311, 321(9). But, this is *not* a case in which plaintiff's statement on direct examination (that the cases of coca-cola had not been disturbed after delivery to her beauty shop) was shown on cross-examination to have been a mere guess on her part [contrast Van Bibber v. Swift & Co., 286 Mo. 317, 337, 228 S.W. 69, 76(9)], nor a case in which plaintiff's testimony, read as a whole, establishes that such statement reflected sheer speculation and surmise because, in fact, she had no personal knowledge on that subject [contrast Scotten v. Metropolitan Life Ins. Co., 336 Mo. 724, 728–730, 81 S.W.2d 313, 314–315; Barnhart v. Ripka, supra, 297 S.W.2d loc. cit. 791(7); Rudy v. Cleveland, C., C. & St. L. R. Co., Mo.App., 278 S.W. 814, 815(1)], nor a case in which plaintiff's statement should be disregarded because of demonstrated inability or lack of opportunity to know of that concerning which she undertook to speak [contrast Hall v. Wil-

kerson, Mo.App., 84 S.W.2d 1063, 1065; Martin v. Kansas City, Mo.App., 224 S.W. 141, 142(5); Eames v. New York Life Ins. Co., 134 Mo.App. 331, 114 S.W. 85, 87(3)], nor a case in which plaintiff's testimony was so riddled by self-confessed doubt and uncertainty that it should be rejected. See Armstrong v. Croy, Mo.App., 176 S.W.2d 852, 853(1, 2).

. ▮ In Kees v. Canada Dry Ginger Ale, 239 Mo.App. 1080, 1087, 199 S.W.2d 76, 78(3), upon which instant defendant relies, it was said that the trial court should not have admitted in evidence, *over objection,* the testimony of the proprietor of "a semi-self service grocery store" that bottles openly displayed on shelves for several weeks "were not tampered with while in his store," where it was shown that there were six employees in the store, customers waited on themselves, the proprietor admittedly was not in the store all of the time it was open for business, and the bottles obviously could have been mishandled by employees or by customers. But, it would be quite another and different thing for us to hold in the case at bar (as defendant would have us to do) that plaintiff's statement, *received without objection,* that the cases of coca-cola stacked behind a partition in the supply room of the beauty shop had not been disturbed after delivery by defendant did not constitute "credible testimony" to that effect, particularly in view of the fact that plaintiff's testimonial qualifications were, in no wise, questioned or impugned upon trial. Plaintiff operated a relatively small business in a single room, and there is no showing that she was ever absent from the shop when others were there. Under the circumstances of this case, the triers of the facts reasonably might have thought it "not improbable that (plaintiff) would know what was going on" in her shop [Coca-Cola Bottling Co. of Fort Worth v. Thomas, Tex.Civ.App., 263 S.W.2d 644, 647]; and, even if plaintiff's testimony under consideration was a conclusion and might have been excluded upon timely objection or motion to strike, its probative worth and effect were for the jury.[2] Evidence of this character, received without objection, is to be considered in determining whether plaintiff made a submissible case [Ridenhour v. Oklahoma Contracting Co., Mo.App., 45 S.W.2d 108, 112] and may be sufficient to support a judgment. Boswell v. Consolidated School Dist. No. 8 of Newton Co., Mo.App., 10 S.W.2d 665, 666(2), appeal dismissed 323 Mo. 43, 18 S.W.2d 61; Hillin v. LaFayette Land & Farming Co., Mo.App., 296 S.W. 243; 53 Am.Jur., Trial, § 135, p. 119.

▮▮ Examination of many exploding bottle cases, in this and other jurisdictions, confirms the observation in the Kees case, supra, 225 S.W.2d loc. cit. 172, that there is "a diversity of opinion as to the quantum of evidence necessary to negative negligence on the part of third persons" and that, in the final analysis, "(e)ach case must be decided upon its own facts." Although we immediately reject, as emphatically as did our Supreme Court in the Maybach case, supra, 359 Mo. loc. cit. 451, 222 S.W.2d loc. cit. 89, any "idea that the conclusions of a jury can properly be founded upon 'guess, speculation or surmise' in any kind of a

---

2. Ashley v. Williams, 365 Mo. 286, 293, 281 S.W.2d 875, 880; Vosburg v. Smith, Mo.App., 272 S.W.2d 297, 302(9); Cox v. Frank L. Schaab Stove & Furniture Co., Mo.App., 83 S.W.2d 211, 216(4); Mayne v. May Stern Furniture Co., Mo.App., 21 S.W.2d 211, 213(2); Wood v. Consolidated School Dist. No. 13, Mo.App., 7 S.W.2d 1018, 1021(6, 7); Pearce v. Boyd-Welsh Shoe Co., Mo.App., 6 S.W. 2d 988, 989(2). Consult also Steeley v. Kurn, 348 Mo. 1142, 157 S.W.2d 212, 213(4); Doyle v. St. Louis Merchants' Bridge Terminal Ry. Co., 326 Mo. 425, 31 S.W.2d 1010, 1012(4), certiorari denied 283 U.S. 820, 51 S.Ct. 345, 75 L. Ed. 1435; Garrison v. Campbell "66" Express, Mo.App., 297 S.W.2d 22, 29; Lomax v. Sawtell, Mo.App., 286 S.W.2d 40, 42(1); Burley v. State Social Security Commission, 236 Mo.App. 930, 163 S.W. 2d 95, 96(3, 4). See particularly Florence Coca Cola Bottling Co. v. Sullivan, 259 Ala. 56, 65 So.2d 169, 172, 176(2).

case," we perceive that "(i)t is not easy to lay down with precision the line of demarcation between a just and reasonable inference and mere conjecture or surmise." Bornstein v. Metropolitan Bottling Co., 26 N.J. 263, 139 A.2d 404, 411. But, to afford a substantial and sufficient basis for deductive reasoning in the determination of civil issues, circumstantial evidence need not have the quality of absolute certainty [Bornstein case, supra, 139 A.2d loc. cit. 411], and plaintiff, to make a submissible case in a suit of this character, should not be required to eliminate every remote possibility of damage to the bottle after it passes from defendant's possession and control.[3]

▮ With all of the foregoing in mind, careful consideration of the record before us has impelled the conclusion that plaintiff offered substantial evidence, *received without objection,* which tended to prove, and

from which the jury reasonably might have inferred and found, that the explosion "was not due to negligent handling or exposure to unusual temperature changes" after the bottle passed from defendant's possession and control [Maybach case, supra, 359 Mo. loc. cit. 454, 222 S.W.2d loc. cit. 91], that plaintiff thus satisfied the requirement that she "offer evidence to negative the possibility that the injury may have been due to some cause intervening after (defendant) had parted with control" [Maybach case, supra, 359 Mo. loc. cit. 456, 222 S.W.2d loc. cit. 92], and that we may not say, as a matter of law, that plaintiff did not make a submissible case on general negligence. This holding is, we think, in accord not only with our Missouri cases but also with those in other jurisdictions[4] where, by the great weight of authority, recovery is permitted in exploding bottle cases upon the same affirmative showing by plaintiff as in Missouri.[5]

---

3. Coca-Cola Bottling Co. of Fort Worth v. Thomas, Tex.Civ.App., 263 S.W.2d 644, 647(2); Hankins v. Coca Cola Bottling Co., 151 Tex. 303, 249 S.W.2d 1008, 1009; Honea v. Coca Cola Bottling Co., 143 Tex. 272, 183 S.W.2d 968, 970 (3), 160 A.L.R. 1445; Zentz v. Coca Cola Bottling Co. of Fresno, 39 Cal.2d 436, 247 P.2d 344, 350; Escola v. Coca Cola Bottling Co. of Fresno, 24 Cal.2d 453, 150 P.2d 436, 439; Burkett v. Panama City Coca-Cola Bottling Co., Fla., 93 So. 2d 580, 582; Miami Coca-Cola Bottling Co. v. Reisinger, Fla., 68 So.2d 589, 590; Groves v. Florida Coca-Cola Bottling Co., Fla., 40 So.2d 128, 130(3).

4. Payne v. Rome Coca-Cola Bottling Co., 10 Ga.App. 762, 73 S.E. 1087; Macon Coca-Cola Bottling Co. v. Crane, 55 Ga.App. 573, 190 S.E. 879; Bornstein v. Metropolitan Bottling Co., 26 N.J. 263, 139 A.2d 404, affirming 45 N.J.Super. 365, 132 A.2d 825; MacPherson v. Canada Dry Ginger Ale, 129 N.J.L. 365, 29 A.2d 868; Coca Cola Bottling Works, Inc. v. Crow, 200 Tenn. 161, 291 S.W.2d 589; Dr. Pepper Bottling Co. of Newport v. Whidden, 227 Ark. 13, 296 S.W. 2d 432; Johnson v. Coca Cola Bottling Co. of Willmar, 235 Minn. 471, 51 N.W.2d 573; Florence Coca Cola Bottling Co. v. Sullivan, supra; Coca-Cola Bottling Co. of Fort Worth v. Thomas, supra; Honea

v. Coca Cola Bottling Co., supra; Zentz v. Coca Cola Bottling Co. of Fresno, supra; Escola v. Coca Cola Bottling Co. of Fresno, supra; Hoffing v. Coca-Cola Bottling Co., 87 Cal.App.2d 371, 197 P.2d 56; Groves v. Florida Coca-Cola Bottling Co., supra.

5. Although requiring the same affirmative showing by plaintiff in an exploding bottle case as we do in Missouri, many appellate courts in other jurisdictions have not paused, with the fine discrimination manifested in the Maybach case, supra, to recognize the distinction between a res ipsa loquitur case and a general negligence case depending in part upon circumstantial evidence, but have treated such submissions as under the res ipsa loquitur rule on the theory that defendant had control of the bottle when the alleged negligent act was committed [e. g., Escola v. Coca Cola Bottling Co. of Fresno, supra, 150 P.2d loc. cit. 438(2); Johnson v. Coca Cola Bottling Co. of Willmar, supra, 51 N.W. 2d loc. cit. 577–579] or have thought "that the (res ipsa loquitur) doctrine is in fact applicable in principle if not eo nomine" [Boykin v. Chase Bottling Works, 32 Tenn.App. 508, 222 S.W.2d 889, 894] or have been content to refer to such submissions as under an "ex-

What we have heretofore said on the primary issue as to whether plaintiff made a submissible case is applicable to, and dispositive of, defendant's specific complaints against plaintiff's principal instruction No. 1 which required findings, among others, that the explosion was not due to negligent handling or unusual temperature changes after the bottle was delivered to plaintiff's beauty shop.

The judgment is affirmed.

McDOWELL and RUARK, JJ., concur.

tended concept of res ipsa loquitur in this class of case." Bornstein v. Metropolitan Bottling Co., supra, 132 A.2d loc. cit. 827.