Mary ABERNATHY, Plaintiff-Appellant,

v.

COCA–COLA BOTTLING COMPANY OF JACKSON, Missouri, Defendant-Respondent.

No. 8125.

Springfield Court of Appeals.

Missouri.

Aug. 23, 1963.

Motions for Rehearing or to Transfer Overruled Sept. 9, 1963.

Buerkle & Lowes, Jackson, for plaintiff-appellant.

Finch, Finch & Knehans, Cape Girardeau, for defendant-respondent.

STONE, Judge.

This is an action for personal injuries sustained by plaintiff, then sixty-three years of age, about 9:30 A.M. on Saturday, July 23, 1960, by reason of the alleged explosion of a bottle of strawberry soda pop in Hopkins Brothers self-service supermarket in the Lutesville-Marble Hill area of Bollinger County. Plaintiff sued and went to trial against both the bottler, Coca-Cola Bottling Company of Jackson, Missouri, and the retailer, Hopkins Brothers, but at the close of her case plaintiff voluntarily dismissed as to the retailer. The jury returned a ten-man verdict for $2,500 against the bottler; but, upon the bottler's after-trial motion to set aside the judgment and to enter judgment in accordance with its motion for a directed verdict at the close of all the evidence, the trial court set aside the judgment for plaintiff and entered judgment for the bottler. V.A.M.R. Rule 72.02; V.A.M.S. § 510.290. From that judgment, plaintiff appeals. The question here is whether plaintiff made a submissible case against the bottler.

Plaintiff, her husband Clarence, and her granddaughter, Jeanie Mooney, then thir-teen years of age, entered the supermarket to shop and walked "back toward the soda rack." Photographic exhibits, identified as reflecting the situation at the time of accident and received in evidence without objection, show that "the soda rack" was simply a flat ledge or platform about six and one-half inches above floor level (that height being fixed in the testimony) on which there were a few loose bottles and numerous six-bottle cartons of various soft drinks with the cartons in some portions of the display stacked four and five cartons high. Plaintiff and her husband stopped and stood in front of the soda rack, plaintiff at a distance therefrom estimated at two to four feet, and plaintiff's husband at a point somewhat farther from the rack. The grandparents so stood for a period of time which plaintiff upon trial thought to have been "about a minute or so" (previously estimated in her deposition at "something like five minutes * * * maybe ten"), "waiting on Jeanie to pick out the flavors of soda she wanted." Plaintiff's evidence was that none of the family group (i. e., neither plaintiff, her husband nor Jeanie) had lifted or even touched any bottle. According to Jeanie, "I wasn't really ready * * * to pick them out, I was looking." Suddenly and without warning, a bottle "exploded" (so both plaintiff and Jeanie said)—"it sounded like a shotgun went off." Plaintiff's left ankle was lacerated and glass fragments were imbedded in that area resulting in subsequent complications which we need not detail here.

At the time of accident, Howard Greer, manager of the supermarket, was in his office about twenty feet from the soda rack, Mrs. Greer was working at the checkout counter about fifteen feet from the rack, and Mrs. Helen Nall, another employee, was "at the save-a-stop counter" about thirty feet from the rack. None of these three employees witnessed the occurrence, but all heard the noise. Each testified positively that on other occasions he or she had heard, and thus had become

familiar with and could differentiate between, the sound made by an exploding bottle and the sound made by a full bottle breaking when dropped on the supermarket's concrete floor covered with asphalt tile, and that the sound at the time of accident was *not* that of an exploding bottle but was "exactly as if a bottle had been dropped on the floor."

All of the evidence on the subject was to the effect that the liquid contents of the broken bottle covered an area on the floor about the size of a washtub or large dishpan, but that there was no liquid or broken glass on the soda rack. Emphasizing these facts and pointing out that admittedly neither plaintiff nor Jeanie (the only witnesses who testified that a bottle had "exploded") had observed the bottle in question prior to the occurrence and that neither "had any familiarity with the sound of exploding bottles or of bottles dropped or knocked on a hard floor and breaking," the bottler's counsel contend that "the reference by plaintiff and her granddaughter [Jeanie] to an explosion was a mere guess or surmise on their part and did not prove the occurrence of an explosion and was not sufficient to go to the jury on that issue."

■ We recognize that not every human assertion should be accepted as the basis of an inference that the thing asserted is true [Wigmore on Evidence (3rd Ed.), Vol. II, § 475, loc. cit. 516], and that, when the testimony of a witness, read as a whole, conclusively demonstrates that whatever he may have said with respect to the issue under investigation was a mere guess, his testimony on such issue cannot be regarded as having any probative value. Van Bibber v. Swift & Co., 286 Mo. 317, 337, 228 S.W. 69, 76(9); Barnhart v. Ripka, Mo.App., 297 S.W.2d 787, 791(7). See Prince v. Bennett, Mo., 322 S.W.2d 886, 891. However, both plaintiff and Jeanie definitely stated, *without objection or motion to strike*, that a bottle "exploded"; and, with both also testifying that no one had lifted or even touched a bottle (thus

negating the bottler's factual theory that a full bottle had been dropped and broken on the floor), we are of the opinion that the probative worth and effect of the statements that a bottle "exploded" were for the jury and that a submissible case on this issue was made. Ferrell v. Sikeston Coca-Cola Bottling Co., Mo.App., 320 S.W.2d 292, 295–296(5–7), and cases there collected.

■ However, since the landmark case of Maybach v. Falstaff Brewing Corp., 359 Mo. 446, 222 S.W.2d 87, it has been settled in this jurisdiction that an exploding bottle suit of this character is not regarded as a true res ipsa loquitur case in which mere proof of the occurrence raises an inference of negligence, but that, to make a submissible case against the bottler, plaintiff's proof as to the explosion must be coupled with and supplemented by substantial evidence tending to show that, after the bottle (which subsequently exploded) had passed from the bottler's possession and control, (a) it had not been damaged or handled negligently and (b) it had not been subjected to unusual temperature change. Kees v. Canada Dry Ginger Ale, Mo.App., 225 S.W.2d 169, 172(4); Stephens v. Coca-Cola Bottling Co. of St. Louis, Mo.App., 232 S.W.2d 181, 185–187; Ferrell, supra, 320 S.W.2d loc. cit. 294–295; Copher v. Barbee, Mo.App., 361 S.W.2d 137, 141–143. Instant plaintiff's counsel so recognized by requiring appropriate findings in plaintiff's verdict-directing instruction. Since the bottler's counsel does not question the sufficiency of the evidence to have justified the finding that the exploding bottle had not been subjected to unusual temperature change, the determinative issue on this appeal becomes whether the finding that the bottle had not been damaged or handled negligently after the bottler had parted with possession and control was supported by substantial evidence.

■ Drivers for the several bottlers supplying soft drinks to Hopkins Brothers supermarket checked the soda rack peri-

odically, stocked it as needed, and stacked the additional cartons on the rack. The last delivery by the driver for the bottler here sued, prior to the accident on July 23, had been on July 21. But both a co-owner and the manager of the supermarket (called as witnesses for plaintiff) said that they did not know whether the bottler's driver had left any strawberry soda on July 21 (it was a bottle of strawberry soda that burst), and nothing in the transcript affords any clue as to how long the exploding bottle had been in the supermarket.

Since drivers for the bottlers stocked and stacked the soda rack, there was little need for employees of the supermarket to handle bottles, although occasionally they might replace "a stray," straighten the display, or do "something like that." However, this was a self-service market, and the instant record affirmatively confirms what we recently observed to be "a well-known fact of present-day business life," to wit, "that customers in self-service stores indubitably have and freely exercise the practically unrestricted privilege of moving, picking up, handling, examining and relocating items displayed for sale." Copher, supra, 361 S.W.2d loc. cit. 143. See also Hart v. Emery, Bird, Thayer Dry Goods Co., 233 Mo.App. 312, 317, 118 S.W.2d 509, 512; Cohen v. Penn Fruit Co., 192 Pa. Super. 244, 159 A.2d 558, 560(4). More specifically, it was established by plaintiff's witnesses that "very frequently" customers, who desired "mixed cartons" of soft drinks, removed unwanted bottles from cartons, substituted in their place bottles taken from other cartons, and left the unwanted bottles loose on the soda rack. In fact, Jeanie had done that on other occasions and, at the time of accident, apparently was contemplating another "mixed carton."

Obviously, there was ample opportunity for the handling and mishandling of bottles on the soda rack. The only evidence relevant to the inquiry as to whether the exploding bottle had been damaged or handled negligently came from the supermarket co-owner, the supermarket manager, and his wife, each of whom testified that, insofar as he or she knew, there had been no mishandling of any bottles on the soda rack within "a few days" or within "two or three days" prior to the occurrence under discussion. However, the limited scope and doubtful significance of such statements become manifest upon further analysis of what the record shows and what it does *not* show. As for the co-owner, he was in the store only twenty to forty-five minutes each day "on an average" and professed no occult source of information as to what occurred around the soda rack in his absence. As for the manager and his wife, the record discloses no information (a) as to the hours during which the store was open for business, (b) as to the hours which either the manager or his wife worked, or (c) as to their actual observation of, or their opportunity to observe, the soda rack or that general area, this being a matter of prime importance in view of the fact that bottles may be handled negligently or damaged (short of being burst) without sufficient noise or disturbance to attract the attention of those working in a different area. Furthermore, there was no evidence as to the number of supermarket employees and no effort to account for those who may have had an opportunity to observe the soda rack but were not called as witnesses.

As instant plaintiff reminds us, we held in Ferrell, supra, 320 S.W.2d loc. cit. 295–297, that the testimony of an injured proprietress of a small beauty shop that cases of coca-cola, *stacked in a supply room and not openly accessible to patrons*, had not been disturbed after their delivery afforded substantial support for a finding that the bottles had not been damaged or handled negligently after leaving the bottler's possession and control, where the testimonial qualifications of the proprietress were not challenged and the noted testimony was received without objection or motion to strike. And, recognizing that

in this category of actions plaintiff may make a submissible case of general negligence by circumstantial evidence [Maybach, supra; Kees, supra, 225 S.W.2d loc. cit. 171(3); Stephens, supra, 232 S.W.2d loc. cit. 187], we also said in Ferrell, supra, 320 S.W.2d loc. cit. 297(8, 9), and here repeat, that "to afford a substantial and sufficient basis for deductive reasoning * * * circumstantial evidence need not have the quality of absolute certainty" and that submissibility of the issue as to mishandling does not require evidence eliminating every remote possibility of damage to the bottle after it passes from the bottler's possession and control.

But there is no factual analogy between Ferrell, supra, and the case at bar. And, heeding the familiar principle that each case must be ruled on its own particular facts [Kees, supra, 225 S.W.2d loc. cit. 172; Ferrell, supra, 320 S.W.2d loc. cit. 296] and attending the record brought to us, we are persuaded that there was in this case no substantial evidence which would have justified or permitted the finding, prerequisite to entry of judgment against the bottler, that the exploding bottle had not been damaged or handled negligently after it had passed from the bottler's possession and control [Copher, supra, 361 S.W.2d loc. cit. 142–144, and cases cited in footnote 2], and that, therefore, the capable trial judge properly entered judgment for defendant bottler upon its after-trial motion.

█ Plaintiff also complains that the trial court erred "in failing to grant [her] the right to an appeal as a poor person." On March 19, 1962, plaintiff filed her notice of appeal to the St. Louis Court of Appeals. However, Bollinger County is within the territorial jurisdiction of the Springfield Court of Appeals [V.A.M.S. § 477.-060], so our St. Louis brethren promptly transferred the cause to us by order entered on March 22, 1962. Art. V, Sec. 11, Const. of Mo., 2 V.A.M.S. On March 23, 1962, plaintiff filed in the circuit court an "Application to Proceed as Poor Person" in which she averred her poverty and prayed an order "allowing her to prosecute her appeal as a poor person and to have a copy of the transcript of all proceedings furnished to her without charge." On March 27, 1962, plaintiff filed a notice of appeal to the Springfield Court of Appeals. Both notices stated in identical language that plaintiff was appealing "from the judgment entered in this action on the 16th day of March, 1962." Six weeks after filing of the second notice of appeal, to wit, on May 8, 1962, the circuit court overruled plaintiff's application to proceed as a poor person. There was no subsequent notice of appeal. In these circumstances, plaintiff may not have appellate review of the order of May 8, 1962. V.A.M.R. Rules 82.08 and 82.04; V.A.M.S. §§ 512.070 and 512.050.

The judgment for defendant bottler is affirmed.

RUARK, P. J., and HOGAN, J., concur.